UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BUNZL USA, LLC,

    Plaintiff,

v.

ANITA MAE CHATTMON, et al.,

    Defendants.

Case No. 15-cv-04137-RS

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Plaintiff Bunzl USA, LLC, the fiduciary of The Bunzl USA, LLC Deferred Savings Plan, initiated this interpleader action to clarify who is entitled to receive benefits owing Verge Chattmon, Jr.'s beneficiary: Anita Mae Chattmon or Audrey Chattmon.[1]  Central to the dispute is whether Verge properly divorced Audrey before marrying Anita Mae.  If he did not, then Anita Mae does not qualify as Verge's beneficiary and Audrey is entitled to all benefits.  Despite executing a waiver of service, Anita Mae never answered the complaint and indicated to Bunzl's counsel that she does not intend to participate in the litigation.  As a result of Anita Mae's inaction, the clerk entered default against Anita Mae.

Since initiating this action, Bunzl and Audrey have agreed to terms of a consent judgment to be entered upon final judgment against Anita Mae.  Bunzl now moves for entry of default judgment against Anita Mae.  It has demonstrated entry of default judgment is appropriate in this case, and therefore judgment must be entered.  In addition, the consent judgment is approved.

## I. FACTS AND PROCEDURAL BACKGROUND

---

[1] For the purpose of clarity, the parties will be referred to by their first names.

In 2001, Verge married Audrey. Subsequently, he married or attempted to marry Anita Mae. When signing up for benefits under with the Deferred Savings Plan, Verge designated Anita Mae as his sole beneficiary.

After Verge's death, Bunzl had to determine who is entitled to receive the $33,000 worth of benefits. Audrey contacted Bunzl through counsel and asserted right to benefits under the plan because she and Verge never divorced. Once Bunzl learned of the potential conflicting claims, it filed this interpleader action. After waiving service, Audrey answered the complaint and filed a crossclaim against Anita Mae and a counterclaim against Bunzl. Anita Mae never answered the complaint.

On October 22, 2015, Anita Mae and her daughter called Bunzl's counsel, Richard Paulter, to discuss the litigation. During that phone call, Anita Mae stated that she did not intend to assert any claim to the plan benefits or to participate in the litigation. Paulter informed Anita Mae that if she failed to respond to the complaint, Bunzl would seek default judgment against her and any claim she might have would be extinguished. She chose not to respond to the complaint. Once the deadline to answer the complaint had passed, Bunzl filed an application with the clerk for entry of default. Accordingly, the clerk entered default in February 2016.

In March 2016, Audrey and Bunzl negotiated a consent judgment, whereby Bunzl could recover its attorneys' fees and costs in the amount of $7,000 to be subtracted from the plan benefits payable to Audrey. The consent judgment is still waiting for court approval, which is appropriate only after and if default judgment is entered against Anita Mae.

**II.   DISCUSSION**

Following entry of default, courts are authorized to grant default judgment in their discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Despite the Federal Rules' strong policy preference for judgments on the merits, this case warrants entry of default judgment. Bunzl is trying its best to disburse benefits to Verge's beneficiary in accordance with the terms of the plan. It does not seek an award of damages or attorney fees, only protection from future liability for administration of Verge's benefits. Without finality, Bunzl remains exposed to future liability, and therefore may suffer prejudice without a judgment. *Cf. Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (describing the primary purpose in an interpleader action as an attempt "to protect stakeholders from multiple liability as well as from the expense of litigation"). While there is certainly the possibility of a material dispute of facts about the validity of Verge's marriage to Anita Mae, the fact she has chosen not to litigate that question suggest the possibility is slight. Moreover, the facts and circumstances suggest this is not a case where the defendant excusably failed to meet a deadline; Anita Mae was properly served and expressed her desire to abstain from this litigation altogether. All evidence in the record suggests Anita Mae chose to make the defensible decision to avoid the expense and heartache of litigation knowing that doing so may deprive her of $33,000. In such circumstances, entry of default judgment is proper.

### III.   CONCLUSION

For the foregoing reasons, Bunzl's motion for entry of default judgment must be granted. In addition, the consent judgment between Audrey Chattmon and Bunzl is approved for the purposes of this action only.

**IT IS SO ORDERED**.

Dated: June 16, 2016

_____
RICHARD SEEBORG
United States District Judge